IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>NORBERTO SANDOVAL,<br><br>                    Defendant. | CASE NO.  1:02-CR-05353 LJO<br><br>ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has filed a statement of non-opposition as the defendant appears eligible for the reduction.  The Court hereby grants the motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

Amendment 782 has reduced the defendant's guideline range, and therefore he is eligible for a reduction pursuant to U.S.S.G. § 1B1.10(a).  Having determined that the defendant is eligible for a reduction, the Court must find the guideline range that would have been applicable to the defendant if Amendment 782 had been in effect at the time the defendant was originally sentenced.  In making this determination, the Court will substitute only the amendment for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected pursuant to Section 1B1.10(b)(1).  Specifically, the base offense level here is 34 (as opposed to previously being 36).  When combined with the original two-level enhancement for possession of a firearm, two-level enhancement for role in the offense, and three-level reduction for acceptance of responsibility, the adjusted offense level is 35.  At the established criminal history category of III, the defendant's sentencing range is now 210 to 262 months.  This is a reduction from the original range of 262 to 327 months.  Section 1B1.10(b)(2)(A) prevents the Court from sentencing to a term less than 210 months in the case.

Therefore, the defendant's motion pursuant to Section 3582 is granted and the defendant's term of imprisonment is reduced to 210 months, effective as of November 1, 2015.  All other provisions of the original judgment in this case shall remain the same.

IT IS SO ORDERED.

Dated:   **April 28, 2015**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE